

**ORDERED in the Southern District of Florida on July 28, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CLARIBEL FREIRE,    CASE NO. 13-27437-BKC-AJC
                    CHAPTER 13
    Debtor(s).
_____/

### ORDER SUSTAINING WELLS FARGO'S OBJECTION TO DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 13 BANKRUPTCY PLAN

THIS CAUSE came before the Court for hearing on June 16, 2015 at 9:00 AM upon the Debtor's Motion to Modify Confirmed Plan [ECF No. 78] ("Motion") and Objection [ECF No. 90] filed by Wells Fargo Bank, N.A. ("Wells Fargo").  Wells Fargo objects to confirmation of the Third Modified Plan [ECF No. 98] because it provides for a balloon payment of $39,880.36 in month 60 of the Plan.  For reasons detailed further by this Order, the Court sustains Wells Fargo's objection.

**Factual and Procedural Background**

On July 24, 2013, the Debtor filed her chapter 13 petition.  Her principal residence located at

12900 Southwest 25 Terrace, Miami, Florida 33175 ("Property") is subject to a first mortgage held by Wells Fargo.  On January 31, 2014, the Order Confirming Plan [ECF No. 65] was entered, confirming the First Amended Plan [ECF No. 32] ("Confirmed Plan").  The Confirmed Plan provides Wells Fargo with adequate protection payments during the pendency of Loan Modification Mediation in the amount of $2,325.00/month for months 1-36.

On August 13, 2014, the Mediator filed the Final Report of Mediation [ECF No. 75] evidencing that the mediation resulted in an Impasse and no agreement reached.

On December 8, 2014, Debtor filed the Motion to Modify Confirmed Plan [ECF No. 78] ("Motion") and subsequently filed Debtor's Proposed Third Modified Plan [ECF No. 88] ("Proposed Plan") on April 23, 2015.  The Proposed Plan provides for a balloon payment for arrearages of $39,880.36 in month 60 of the chapter 13 Plan ("Balloon Payment").  Wells Fargo filed an Objection to Debtor's Motion ("Wells Fargo's Objection") [ECF No. 90].  The Court conducted a hearing on the Motion on June 16, 2015.  The Court holds that a balloon payment in this case is not allowed.

## Discussion

Notwithstanding 11 U.S.C. 1325(a)(5)(iii)(I), in a prior case, this Court reviewed the issue of whether a balloon payment is allowed in a Chapter 13 case.  *In re Ramirez*, 2014 WL 1466212 (Bankr. S.D.Fla. 2014).  The Court held that balloon payments may be allowed in the final month of a plan if the balloon payment is feasible.  *Id*.  The Court also determined that a more stringent standard applies "where the risk of potential abuse exists," such as providing "credible and definite" evidence of the ability to pay off the balloon. *Id.* at 1466218 (citing *In re Crotty*, 11 B.R. 507511-12 (Bankr. N.D.Tex. 1981).

This case is distinguishable from *Ramirez* as there is no cramdown of the secured claim

and the value of the Property has not been determined. The *Ramirez* case involved a cramdown where the claim was reduced to the property value of $100,000 and thus the Debtor had the specific incentive to pay off the $60,000 balloon or else he would have lost the benefit of the cramdown. This Court determined that the more stringent standard did not apply in *Ramirez* because the cramdown provided a strong incentive to pay off the balloon and successfully complete the Plan. *Id*. at 1466218.

Debtor alleges that payment of the full ongoing contractual amount plus *substantial* ongoing arrearages represents sufficient protection so that the creditor's interests will not be harmed. However, there is no cramdown in this case and, therefore, the more stringent standard requiring "credible and definite evidence" of the Debtor's ability to repay the balloon applies, as there is an increased potential for abuse when no cramdown is involved. The Debtor has presented no evidence of how she intends to repay the balloon payment and her current income is insufficient to meet this obligation.

The Debtor indicates that the current value of the Property is about $370,000, based on an appraisal and increasing property values, and argues it is likely that there will be sufficient equity at the end of the plan as the current claim is $441,000 (inclusive of arrearages of approximately $112,000). The Debtor claims that, like in *Ramirez*, the presence of equity constitutes sufficient incentive to pay off the balloon. This Court does not agree.

The presence of equity at the end of the plan in *Ramirez* was significant because Ramirez was the sole record title owner of his property and did not require spousal consent to encumber the home. Thus, the Court determined refinancing would be "reasonably certain." *Id*. at 1466218. Here, there is a non-filing co-borrower on the Note and refinancing is not "reasonably certain" even in the presence of equity. In the *Ramirez* case the presence of equity provided

more than a mere "incentive;" it provided a way to pay the balloon. That is not the case here as the Debtor's non-filing spouse in this case is also a title owner whose name is in the Note, Mortgage and Deed.  Accordingly, refinancing is not "reasonably certain" even in the presence of equity.  Therefore, this Court concludes that a balloon payment is not allowed in this case under the circumstances set forth herein.  It is

**ORDERED AND ADJUDGED** that:

1. The Objection to the Debtor's Motion to Modify Plan is SUSTAINED.

2. Debtor may file a Modified Plan, consistent with this Order, within 14 days from entry of the Order, or the Motion to Modify is DENIED.

###

Submitted by:

Reka Beane
FLORIDA BAR NO. 0052919
Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
Phone  (813) 251-4766
Fax  (813) 251-1541
bkatt@wolfelawfl.com

Reka Beane is directed to serve copies of this order on the parties listed below and file a certificate of service with the Court.


Claribel Freire
12900 SW 25 Terrace
Miami, FL 33175

Ricardo A Rodriguez, Esquire
900 W 49 St # 408
Hialeah, FL 33012

Nancy K. Neidich, Trustee
POB 279806
Miramar, FL 33027

WELLS FARGO BANK, N.A.
Attention: Bankruptcy Department
MAC#D3347-014
3476 Stateview Boulevard
Ft. Mill, SC  29715

Orestes Huerta
12900 SW 25 Terrace
Miami, FL 33175

Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018